# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JFXD TRX ACQ LLC, dba TRX, a Florida Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KIRA STOKES FIT LLC,<br><br>　　　　　Defendant. | Case No.: 7:25-cv-06281<br><br>**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, JFXD TRX ACQ LLC, ("TRX" or "Plaintiff"), by its attorneys, Duane Morris LLP, and in support of its Complaint against KIRA STOKES FIT LLC, ("Stokes" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.　TRX brings this action against Defendant regarding the making, using, selling, and/or importation of products that infringe TRX's intellectual property rights and other practices that amount to unfair competition.

2.　Stokes has infringed and continues to infringe at least one design patent owned by TRX by selling, offering for sale, making, using, and/or importing a product called "Stoked Grips" that is available, at least, on a website operated by Stokes at the website https://shop.kirastokes.com/collections/stoked-fitness-equipment/products/stoked-grips (the "Accused Product"). A reproduction of the webpage is attached as Exhibit A.

3.　TRX seeks to enjoin Stokes from infringing, and continuing to infringe on, TRX's patents, and/or competing unfairly with TRX in violation of federal and state law, by importing, advertising, promoting, marketing, offering for sale and selling the Accused Product.

4. TRX also seeks the award of its damages, attorneys' fees, costs and other relief, and an accounting and disgorgement of Stokes' profits and because of the willful nature of this infringement, TRX also seeks attorney's fees and treble damages.

## THE PARTIES

5. Plaintiff, JFXD TRX ACQ LLC, is a Florida limited liability company having its principal place of business at 1110 S. Federal Highway, Delray Beach, Florida 33483 and doing business as TRX. TRX is engaged in providing industry-leading fitness products and services in the United States and around the world under the brand TRX®.

6. Upon information and belief, Defendant Kira Stokes Fit LLC is a limited liability company organized under the laws of the State of New York, with a principal place of business at 2 Virginia Place, Larchmont, New York, 10538. Upon information and belief, Defendant Stokes is engaged in providing fitness services and products.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because one or more counts arise under the laws of the United States and more particularly under 35 U.S.C. § 271 (The Patent Act).

8. Upon information and belief, Stokes sells the Accused Product in this judicial district and in others via, at least, its website https://shop.kirastokes.com/collections/stoked-fitness-equipment/products/stoked-grips. (See Exhibit A). Upon information and belief, Stokes is a limited liability company organized and existing under the laws of the State of New York, having a principal place of business in this district at 2 Virginia Place, Larchmont, New York, 10538 which is located in this district. This Court has personal jurisdiction over Stokes because, among

2

other things, Stokes has purposely availed itself of the rights and benefits of laws of the State of New York by engaging in systematic and continuous contacts with the state such that it should reasonably anticipate being haled into court here. For example, Stokes is registered to conduct business in New York under Department of State ID 5302836 and maintains an Agent for service of process at 1 Rockefeller Plaza, Suite 1204, New York, New York, 10020. Upon information and belief, Stokes has marketed and advertised the Accused Products in this judicial district via, at least, its website and Instagram®.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). On information and belief, Stokes has committed acts of infringement in this district and has a regular and established place of business in this district.

## FACTUAL ALLEGATIONS

10. Randal Hetrick, the famous inventor of the TRX Suspension Training® device - a strap-based system for exercise - once again changed the way professional gyms would offer services. He invented the next practical gym tool: The BANDIT® and its unique design. This latest patented invention is a hand-held handle for use in tandem with exercise bands also known as elastic resistance bands. A set of bands, often of different colors each indicating a level of resistance, can be used with TRX's BANDIT® handle to assist users in performing exercises by sliding the BANDIT® handle over the resistance bands when performing exercises.

11. Images from TRX's website at https://www.trxtraining.com/products/bandit showing the BANDIT® handle in use are reproduced below.



12. Knowing infringers would likely try to copy and/or misappropriate TRX's intellectual property for the BANDIT® handle TRX secured multiple design patents, including three design patents in the United States. TRX also applied and secured internal design protection for the BANDIT® handle.

13. On March 14, 2023, the U.S. Patent and Trademark Office duly and legally issued U.S. Design Patent No. D980,928 (the '928 Patent). A true and correct copy of the '928 Patent is attached as Exhibit B.

14. The '928 Patent carries a presumption of validity under 35 U.S.C. § 282(a) and is enforceable.

15. TRX is owner of the entire right, title, and interest in the '928 Patent by assignment and possesses the right to sue for and obtain equitable relief and damages for infringement of the '928 Patent.

16. In 2024, TRX asserted its rights in the '928 Patent against a third-party infringer of the BANDIT® handle design in the Western District Court of Washington (Case 2:24-cv-00564). A Final Judgment and Order was issued on July 22, 2024 (Dkt. 12) stating that the design is valid, enforceable, and infringed by the third-party selling products on Amazon.com®.

17. On or about January of 2025, TRX became aware of Stokes' infringement. TRX notified Stokes of the infringement of the '928 Patent via email on or around January of 2025. Stokes responded via email on or about February 17, 2025 that TRX's communication was under legal review. TRX did not receive a further response to any of its written communications regarding infringement of the '928 Patent.

18. Since Stokes was put on actual notice of TRX's claims of infringement, the Accused Product has been offered for sale and continues to be offered for sale by Stokes via, at least, Stokes' website at https://shop.kirastokes.com/collections/stoked-fitness-equipment/products/stoked-grips.

19. In addition to being on actual notice, TRX has complied with the marking and notice requirements of 35 U.S.C. § 287.

20. The Accused Product is a handle for use in combination with one or more resistance exercise bands. An image from Stokes website showing the Accused Product in use is reproduced below next to an image of TRX's BANDIT® handle.



21. Figure 1 and Figure 3 from the '928 Patent are reproduced below.



22. Images of the Accused Product are shown below.



23. As can be seen, in the eye of the ordinary observer, familiar with the prior art,

6

giving such attention as a purchaser of the Accused Product would usually give, the design of the '928 Patent and the design of the Accused Product are substantially the same, such that the ordinary observer would be deceived into believing that the design of the Accused Product is the same as the design of the '928 Patent.

24. The design of the Accused Product includes, at least, substantially the same cylindrical shape, flared end portions, central cylindrical opening with flattened portion, and color contrast between the central gripping portion and flared ends. No color is claimed in the '928 Patent but the patent states "The black portions of the drawings represent color contrast in the design." This color contrast is seen in the Accused Product between the gray flared end portions and the dark central gripping portion.

25. In addition to the substantially similar designs, Stokes has attempted to take advantage of the goodwill generated in the marketplace by TRX by labelling the Accused Product with the marking "GRIP IT" (see image above) which is confusingly similar to TRX's mark for its product, namely BANDIT®. Such use by Stokes increases the likelihood of confusion in the marketplace such that an ordinary observer would believe the Accused Product to be associated with TRX.

26. TRX has spent substantial resources to protect and patent the BANDIT® handle designs in the United States and must stop continuous and on-going infringement by copy-cats, counterfeiters, and infringers that seek to profit from TRX's substantial goodwill and status in the marketplace to the detriment of TRX.

27. The Accused Product directly competes with TRX's products, including the BANDIT® handle.

28. The Accused Product is advertised and sold at a fraction of the price of the TRX Bandit® product.

29. TRX marks its products directly and/or virtually to provide notice to the public of its patents, including notice of the Asserted Patents.

30. TRX has not authorized the activity of Stokes and/or licensed its intellectual property, including the '928 Patent, to Stokes.

### COUNT I – Patent Infringment US Design Patent No. D980,928

31. Plaintiff restates and incorporates by reference the allegations asserted in each of the preceding paragraphs as though fully set forth herein.

32. Defendant has infringed and continues to infringe the '928 Patent by making, using, selling, and offering for sale in the United States, and/or importing into the United States the Accused Product that is a product called "Stoked Grips" that are handles for use with resistance bands that embody the design of the '928 Patent, without authority or license from TRX. Additionally, Stokes has infringed and continues to infringe the '928 Patent by applying the patented design, or a colorable imitation thereof, to an article of manufacture, such as the Accused Product, for the purpose of sale and/or by selling, offering, or exposing for sale an article of manufacture, such as the Accused Product, to which the design of the '928 Patent or a colorable imitation thereof has been applied. Stokes' actions violate 35 U.S.C. §§ 271(a) and 289.

33. Upon information and belief, Stokes has gained profits by virtue of its infringement of the '928 Patent.

34. TRX has suffered and is continuing to suffer damages as a direct and proximate result of Stokes' infringement of the '928 Patent, and TRX is entitled to compensation and other monetary relief to the fullest extent allowed by law, including attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

35. TRX has suffered injury, including irreparable injury, as a result of Stokes' infringement of the '928 Patent. TRX is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Stokes from infringing the '928 Patent.

36. Because Defendant knew of TRX as a market leader and because Defendant had actual and/or constructive notice of TRX's design patents, Defendant willfully infringed and continues to infringe TRX intellectual property and misappropriate goodwill, including infringement of the '928 Patent. As a result, TRX is entitled to trebling of damages pursuant to 35 U.S.C. § 284, and to the designation of this case as exceptional pursuant to 35 U.S.C. § 285, whereby Plaintiff is entitled to an award of its attorneys' fees.

## JURY DEMAND

37. TRX hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, TRX requests that this Court grant the following relief:

1. A judgment that Defendant has infringed the patented design of the '928 Patent.

2. That Defendant and its agents, officers, employees, and others acting in concert with Defendant be permanently enjoined from importing, distributing, selling the Accused Products and other infringing products alone or in association with other products.

3. That Defendant be required to pay to TRX such damages as TRX has sustained in consequence of Defendant infringement of TRX patents, and to account for all gains, profits and advantages derived by Defendant as a result of their infringement and/or unfair competition.

4. That Defendant be required to pay all damages the Court deems proper within the provisions of the patent statutes.

5. That Defendant's action be deemed willful and/or exceptional and Defendant be required to pay to TRX the costs of this action, enhanced damages, and reasonable attorneys' fees.

6. Any such further relief as the Court deems appropriate and just.

DATED: July 30, 2025                By: */s/ Brian Siff*
                                            Brian Siff, NY Bar No. 2435394
                                            John Munro (to be admitted Pro Hac Vice)

                                            Duane Morris LLP
                                            22 Vanderbilt
                                            335 Madison Avenue, 23rd Floor
                                            New York, New York 10017
                                            Tel: (212) 692-1000
                                            Fax: (212) 692-1020
                                            Email: BDSiff@duanemorris.com

                                            Duane Morris LLP
                                            190 S. LaSalle St., Suite 3700
                                            Chicago, Illinois 60603

                                            Attorneys for Plaintiff
                                            JFXD TRX ACQ LLC